**BRYAN T. DAKE**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
**James F. Battin Courthouse**
**2601 Second Avenue North, Suite 3200**
**Billings, MT 59101**
**Phone: 406-657-6101**
**Fax: 406-657-6058**
**Email: Bryan.Dake@usdoj.gov**

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CR 17-89-BLG-SPW** |
| **Plaintiff,** | |
| **vs.** | **OFFER OF PROOF** |
| **DANA MICHAEL BULLCOMING,** | |
| **Defendant.** | |

Plaintiff, United States of America, by and through its counsel of record,

Bryan T. Dake, Assistant U.S. Attorney for the District of Montana, hereby files its

Offer of Proof.

## THE CHARGE

The defendant, Dana Bullcoming, was charged in a three-count Indictment

1

with Deprivation of Rights under Color of Law, in violation of 18 U.S.C. § 242 (Count I) and False Statement to a Federal Officer, in violation of 18 U.S.C. § 1001 (Count II-III).

## PLEA AGREEMENT

The defendant, Dana Bullcoming, will enter a voluntary plea of guilty to Count I of the indictment, deprivation of rights under color of law, in violation of 18 U.S.C. § 242. The parties have entered into a written plea agreement and it was filed with the Court on December 6, 2017. (Doc. 16). The United States presented any and all formal plea offers to the defendant in writing. The motion for change of plea filed with the Court represents, in the government's view, the only and most favorable disposition of the case against the defendant. *See, e.g., Missouri v. Frye*, 132 S. Ct. 1399 (2012).

## ELEMENTS

In order for the defendant, Dana Bullcoming, to be found guilty of Deprivation of Rights Under Color of Law, in violation of 18 U.S.C. § 242, as charged in Count I of the Indictment, the United States must prove each of the following elements beyond a reasonable doubt,

First, the defendant was acting under color of law when he committed the act charged in the indictment;

Second, the defendant deprived the victim of her right not to be deprived of liberty without due process of law, which includes the right to bodily integrity, which is a right secured by the Constitution or laws of the United States;

Third, the defendant acted willfully, that is, the defendant acted with a bad purpose, intending to deprive the victim of that right; and

Fourth, L.B. suffered bodily injury.[1]

## PENALTY

Count I of the Indictment (Deprivation of Rights Under Color of Law) carries a maximum penalty of ten years' imprisonment, up to a $250,000 fine, three years of supervised release, and a $100 special assessment.

---

[1] "Bodily injury" is not specifically defined in 18 U.S.C. § 242.  However, another offense within the same chapter of Title 18 notes that "'bodily injury' has the meaning given such term in section 1365(h)(4) of this title, but does not include solely emotional or psychological harm to the victim."  18 U.S.C. § 249(c)(1).  Under 18 U.S.C. § 1365(h)(4), "bodily injury" means "(A) a cut, abrasion, bruise, burn, or disfigurement; (B) physical pain; (C) illness; (D impairment of the function of a bodily member, organ, or mental faculty; or (E) any other injury to the body, no matter how temporary."   This is consistent with other definitions of bodily injury.  *See* USSG § 1B1.1, application n. 1 ("Bodily injury means any significant injury; *e.g.* an injury that is painful and obvious, or is of a type for which medical attention would ordinarily be sought."); Mont. Code Ann. § 45-2-101(5).

## ANTICIPATED EVIDENCE

If this case were tried in United States District Court, the United States would prove the following:

On October 31, 2015, L.B. called law enforcement to report her mother was driving while intoxicated.  Bureau of Indian Affairs (BIA) Officer, Dana Bullcoming was on duty and responded to the call.  After determining that L.B.'s mother was safe and in the company of her boyfriend, Officer Bullcoming left the scene and went to speak with L.B.

When Officer Bullcoming arrived at L.B.'s residence, he knocked on the door, and when nobody answered, he entered the residence.  L.B. had fallen asleep on the living room sofa and awoke to find Officer Bullcoming standing over her. L.B. admitted to being intoxicated.  Officer Bullcoming asked L.B. if she was home alone.  L.B. told Officer Bullcoming that her three children were asleep in the other room.  Officer Bullcoming told L.B. that he would need to call social services and arrest L.B. for child endangerment because she was intoxicated while in the presence of her children.  L.B. explained to Officer Bullcoming that she just started a new job and would lose her job if she were arrested.  Officer Bullcoming informed L.B. that "something had to be done".

Officer Bullcoming asked L.B. to take a breathalyzer, to which she agreed and tested low.  After Officer Bullcoming said "something has to be done," L.B.

4

asked Bullcoming if he were referring to "sex".  Officer Bullcoming advised L.B. that he was, in fact, referring to sex.

L.B. stated she did not want to have sex with Officer Bullcoming but felt that if she did not agree, Bullcoming would arrest her and she would lose her job. L.B. ultimately agreed to have sex with Officer Bullcoming in lieu of going to jail. She and Officer Bullcoming had unprotected vaginal sex inside her house and then Bullcoming left.  L.B. became pregnant as a result of her sexual intercourse with Officer Bullcoming.

Officer Bullcoming was interviewed by federal law enforcement about the sexual encounter with L.B.  Officer Bullcoming initially denied any contact with L.B. on October 31, 2015, but later admitted it was a mistake.  Law enforcement confronted Officer Bullcoming with the fact L.B. was pregnant and requested a buccal swap for DNA comparison.

Following the birth of L.B.'s child, DNA testing was done by the FBI laboratory.  Based on the testing of the child, it is "75 million times more likely" that Officer Bullcoming and L.B. are the parents than L.B. and an unknown randomly selected person.  This provides "strong evidence" that Officer Bullcoming is the biological father of L.B.'s child.

The United States would have presented this evidence through the testimony of law enforcement, expert witnesses, and lay witnesses.

DATED this 15th day of December, 2017.

KURT G. ALME
United States Attorney


/s/ Bryan T. Dake
BRYAN T. DAKE
Assistant U.S. Attorney
Attorney for Plaintiff